UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUANITA HERRERA, individually
and on behalf of all others
similarly situated,

:

           Plaintiff,

    v.

Case No. 2:26-cv-523
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura

VICTORIA'S SECRET & CO.,

:

           Defendant.

## OPINION AND ORDER

Juanita Herrera alleges Victoria's Secret & Co.'s website is inaccessible to visually impaired and legally blind people who require screen reading software to read the website's content. So she filed suit in the United States District Court for the Northern District of California seeking to represent a class of similarly situated people against Victoria's Secret for violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. The case was transferred to this Court under 28 U.S.C. § 1404(a). (ECF No. 89.)

Before the case was transferred, Victoria's Secret moved to strike Ms. Herrera's class claims, to compel arbitration, and to stay the case pending arbitration proceedings. (ECF No. 70.) Victoria's Secret's Motion is fully briefed and now ripe for the Court's decision. (*See* ECF Nos. 73 and 80.)

For the reasons below, Victoria's Secret's Motion is **GRANTED**.

## I.      BACKGROUND

The facts included here are drawn from the parties briefing and the Second Amended Complaint. Neither party disputes the facts. Instead, the dispute lies in whether Ms. Herrera was bound by the website's Terms of Use, and that is a legal question. *See Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003) (Rice, J.) ("In evaluating motions or petition to compel arbitration, courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party.").

This case was originally filed with Vivian Salazar as the named plaintiff. After a Second Amended Complaint was filed on July 11, 2025, Ms. Herrera became the named plaintiff. (*See* Second Am. Compl., ECF No. 52.) Ms. Herrera, a visually impaired and legally blind person, visited Victoria's Secret's website in 2022 with the help of a screen reader to purchase items for in-store pickup. (*Id.*, ¶¶ 28, 30.) According to Ms. Herrera, there were several issues with the website that prevented her from using her screen reader to complete her purchase. (*Id.*, ¶ 31.)

Victoria's Secret owns and operates retail stores and a website, all of which sell apparel, sleepwear, beauty products, and accessories. (*Id.*, ¶ 5.) After some investigation, Victoria's Secret discovered that Ms. Herrera was a member of its rewards program. (Mot., ECF No. 70, PAGEID # 857.) As a member of the rewards program, Ms. Herrera was required to login through the website to access her account, which she did on May 28, 2024. (*Id.*, PAGEID # 859.) During log-in, she

2

clicked a "SECURE SIGN IN" button. (*Id*.) The following language was displayed above the "SECURE SIGN IN" button:

> Upon clicking "SECURE SIGN IN" I acknowledge that I am becoming a member of the VS & PINK Rewards program and accept the VS & PINK Rewards Terms, Terms of Use, Privacy Policy, Financial Incentive Notice (California), and agree to receive marketing emails during VS & PINK Rewards program registration.

(*Id*.) The terms of use contains a "binding arbitration" provision which states:

> B. **Binding Arbitration**. If we cannot resolve a Dispute as set forth in Section 12(A) (or agree to arbitration in writing with respect to an Excluded Dispute) within sixty (60) days of receipt of the fully completed notice, then ANY AND ALL DISPUTES ARISING BETWEEN YOU AND VICTORIA'S SECRET (WHETHER BASED IN CONTRACT, STATUTE, REGULATION, ORDINANCE, TORT— INCLUDING, BUT NOT LIMITED TO, FRAUD, ANY OTHER INTENTIONAL TORT OR NEGLIGENCE,—COMMON LAW, CONSTITUTIONAL PROVISION, RESPONDEAT SUPERIOR, AGENCY OR ANY OTHER LEGAL OR EQUITABLE THEORY), WHETHER ARISING BEFORE OR AFTER THE EFFECTIVE DATE OF THESE TERMS, MUST BE RESOLVED BY FINAL AND BINDING ARBITRATION. THIS INCLUDES ANY AND ALL DISPUTES BASED ON ANY PRODUCT OR SERVICE PURCHASED THROUGH THE SERVICE OR ADVERTISING AVAILABLE ON OR THROUGH THE SERVICE. Dispute shall be interpreted broadly. For U.S. residents, the Federal Arbitration Act ("**FAA**"), not state law, shall govern the arbitrability of all. Disputes, including the "No Class Action Matters" set forth in Section 12(D) below. If you reside in the U.S. (and as applicable to U.S. residents), you agree that this constitutes a transaction in interstate commerce and certain portions of this Section 12 are deemed to be a "written agreement to arbitrate" pursuant to the FAA. You and Victoria's Secret agree that we intend that this Section 12 satisfies the "writing" requirement of the FAA. BY AGREEING TO ARBITRATE, EACH PARTY IS GIVING UP ITS RIGHT TO GO TO COURT AND HAVE ANY DISPUTE HEARD BY A JUDGE OR JURY. TO THE FULLEST EXTENT PERMITTED BY LAW. YOU ALSO GIVE UP YOUR RIGHT TO PARTICIPATE IN OR BRING CLASS ACTIONS OR REPRESENTATIVE ACTIONS….

(*Id*., PAGEID # 865–66.)

3

## II.    PROCEDURAL HISTORY

After Ms. Herrera filed the Second Amended Complaint, Victoria's Secret moved to transfer venue (ECF No. 69) and to compel arbitration (ECF No. 70). The motion to transfer venue was granted when the United States District Court for the Northern District of California held that Ms. Herrera was bound by the website's terms of use and found that the forum selection clause contained therein required the case be transferred to this Court. (*See generally* ECF No. 89.)

## III.   MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") is "a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (citation modified). The FAA "reflects the basic principles that arbitration is a matter of contract and that contracts must be enforced according to their terms." *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 844 (6th Cir. 2020) (internal quotations and citation omitted). Under the FAA, an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

A party may petition a court to order that a dispute proceed in arbitration in accordance with an arbitration agreement. *See* 9 U.S.C. § 4. When presented with a motion to compel arbitration, courts consider: (1) whether a valid agreement to arbitrate exists; (2) whether the dispute falls within the scope of that agreement; (3) whether any federal statutory claims are asserted that Congress intended to be non-arbitrable; and (4) if some but not all claims are arbitrable, whether to stay

4

proceedings. *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005) (citation omitted). "[A]ny doubts regarding arbitrability must be resolved in favor of arbitration." *Id.* at 450 (citation omitted).

### A. There is a valid agreement to arbitrate.

Ms. Herrera complains that the same accessibility issues that prompted her lawsuit also prevented her from understanding the importance of clicking the "SECURE SIGN IN." (*See* Resp., ECF No. 73, PAGEID # 1010–11.) Ms. Herrera often relied on her sister to assist with basic site navigation and product review. (*Id.*, PAGEID # 1011.) And according to Ms. Herrera, her sister did not read or communicate the terms of use or the binding arbitration provision, nor did she express that signing in carried contractual consequences. (*Id.*) Accordingly, Ms. Herrera does not dispute the existence of the terms of use or its arbitration provision, but she does dispute that it applied to her. But the Northern District of California held Ms. Herrera "is bound by her sister's agreement on her behalf to the Terms of Use[.]" (ECF No. 89, PAGEID # 1586.) So that is the law-of-the-case.

"The defining feature of the law-of-the-case doctrine is that it applies only within the same case." *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019). "As the doctrine goes, 'findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation.'" *Id.* (citing *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016)). The doctrine recognizes "that for cases to reach resolution, issues cannot be argued and reargued without end." *Id.* at 740. And it "applies with equal vigor to the decisions of a coordinate court in the same

case and to a court's own decisions." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990).

Ms. Herrera repeats the same arguments about not being bound by the terms of use here as she did in her opposition to Victoria's Secret's Motion to Transfer Venue. She even incorporated her opposition to the Motion to Compel into her opposition to the Motion to Transfer Venue. (*See* ECF No. 74, PAGEID # 1035.) Yet the Northern District of California was unpersuaded and held that Ms. Herrera was bound by the terms of use. The Court agrees and finds no reason to relitigate the issue here.

Accordingly, Ms. Herrera is bound by the website's terms of use.

**B. Ms. Herrera's claims fall under the arbitration provision.**

Ms. Herrera argues the arbitration provision does not apply to her California state-law claim seeking forward-looking public injunctive relief. But her state-law claim seeks injunctive relief on behalf of herself and a class of similarly situated persons – not the public. *See Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021) ("[W]hen the injunctive relief being sought is for the benefit of a discrete class of persons, or would require consideration of the private rights and obligations of individual non-parties, it has been held to be private injunctive relief."). Thus, the general rule that an arbitration provision cannot waive one's statutory right to seek public injunctive relief does not apply to her claim. *See McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

Ms. Herrera offers no other argument to suggest her claims are outside the scope of the arbitration provision. Nor could she, as the provision applies to "any

6

and all disputes arising between [Ms. Herrera] and Victoria's Secret[.]" (Mot., PAGEID # 865); *see, e.g.*, *AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[The presumption of arbitrability is] particularly applicable where the clause is as broad as the one employed in this case, which provides for arbitration of 'any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder[.]'").

Accordingly, Ms. Herrera's claims are subject to arbitration and this action must be stayed. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

## IV.    MOTION TO STRIKE CLASS CLAIMS

When construing an arbitration provision or related clause, courts "must give effect to the contractual rights and expectations of the parties." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (citation omitted). "[I]t follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.* at 684.

Ms. Herrera's agreement to arbitrate contains a class-action waiver:

YOU AND VICTORIA'S SECRET AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS, PRIVATE ATTORNEY GENERAL OR REPRESENTATIVE PROCEEDING OR AS AN ASSOCIATION.

(Mot., PAGEID # 866.) Like the arbitration provision, Ms. Herrera is bound by the class-action waiver.

Accordingly, Ms. Herrera's class allegations are **STRICKEN**.

## V.      CONCLUSION

Victoria's Secret's Motion (ECF No. 70) is **GRANTED**. Ms. Herrera's class-allegations are **STRICKEN**. Ms. Herrera may proceed in her individual capacity in arbitration. This case is **STAYED** pending the outcome of arbitration. The parties are **ORDERED** to file a joint status report apprising the Court of the status of arbitration every six months or upon the conclusion of the arbitration proceedings, whichever is earlier.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8